No. 3422.—PATRICK LYONS *v.* DYMOND & LALLY.

In an action on account for work and labor performed under an agreement, the objections by
the defendant that it was not done within the time specified, and was not satisfactorily
done, comes too late if not made until after the work has been done.

APPEAL from the Sixth District Court, parish of Orleans. *Cooley,
J. Cooley & Phillips,* for plaintiff and appellee. *A. Pitot,* for
defendants and appellants.

WYLY, J. This is an action for the balance of an account. The
controversy as to the correctness of the account is only in relation to
the items for ditching which embrace the largest part thereof.

The defense is that the work performed by plaintiff was not done
according to the terms and conditions of agreement entered into by
plaintiff, and that for the work as done the plaintiff was paid more
than the value thereof; that the work was not completed at the time
specified, some of it having to be done *de novo,* to the damage of $1000
to the defendants, and that by the amount paid from time to time the
plaintiff was overpaid for the value of the work $938 83. The prayer
of the answer is that the demand of the plaintiff be rejected, and that
the respondents have judgment in reconvention for $1938 8?

The court, rejecting the reconventional demand, gave judgment for
plaintiff for $1481 67, the balance found to be due him on the account.
The defendants have appealed. After a full examination of the evidence
we have come to the conclusion that the judgment is correct.

The account sued on by the plaintiff was rendered to him by one of
the defendants, and the work now complained of as unsatisfactorily
performed was received by the agent of the defendants. Their agent
was on the premises during the time the work was being performed,
and saw its progress from day to day. If it was unsatisfactory and
not done according to the agreement, it should not have been received.
If the items for ditching were not correct, the defendant Dymond
should not have embraced them in the statement of account which he
rendered to the plaintiff, and upon which this suit was instituted.
There is no error shown for thus inserting these items in the account.
On the contrary, from the defendant Dymond's own sworn statement,
he was aware of the objections he now urges to them; yet he volun-
tarily debited himself therewith in the account rendered as aforesaid.
Add to these important facts the testimony of the witnesses in behalf
of the plaintiff, and there can be no doubt of the correctness of the
judgment now under revision.

In the face of these facts and the testimony of the witnesses cor-
roborating them, we attach but little weight to the evidence of the
defendant Dymond, the most important witness in behalf of the
defense.

Judgment affirmed.